## MEMORANDUM DECISIONS

I.

ARCHIBALD McNEIL & SONS CO., Inc.,
Plaintiff in Error, v. UNITED STATES.
Defendant in Error.

UNITED STATES, Plaintiff in Error, v.
ARCHIBALD McNEIL & SONS COM-
PANY, Inc., Defendant in Error.

(Circuit Court of Appeals, Third Circuit.
March 16, 1926.)

Nos. 3318, 3319.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

For opinion below, see 1 F.(2d) 39.

George Demming, of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., and Joseph L. Kun and Albert Ward, Sp. Asst. U. S. Attys., all of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. The Archibald McNeil & Sons Company, Inc., hereinafter called the plaintiff, was a dealer in coal, including export coal. Between October, 1919, and February 29, 1920, the plaintiff shipped a great many tons of coal to the Tidewater Coal Exchange for export. This coal while in transit was seized and used by the government, through one or more of its agents, for use in operating the railroads which were then under federal control.

The Fuel Administrator, by virtue of the power vested in him by Congress, fixed in a number of orders, issued from time to time, the price to be paid by the government for coal diverted, or commandeered, and used by it. There was considerable contention between the plaintiff and the Fuel Administrator as to the price that should be paid the plaintiff and the amount due it. However, on March 14, 1920, they reached an oral agreement as to prices and these were confirmed by letters. Settlement was to be made on a threefold basis:

(1) Coal owned by the plaintiff and shipped prior to October 30, 1919, was to be paid for at the price paid by the plaintiff under a bona fide contract of sale plus 15 cents per ton.

(2) Coal shipped between October 30 and November 12, 1919, inclusive, was to be paid for at the government maximum price, f. o. b. mines, in effect at the date of shipment.

(3) Coal shipped subsequent to November 12, 1919, was to be paid for at the government maximum price, f. o. b. mines, in effect at the date of shipment, if there was no contract dated prior to October 30, 1919, but, if there was a contract prior to that date, the coal was to be paid for at the contract price of the coal to the plaintiff, f. o. b. mines, but where it was shipped at the order of the plaintiff, consigned to a customer under a bona fide contract entered into prior to October 30, 1919, it was to be paid for at the price at which it was sold to the customer by plaintiff.

The total gross tonnage diverted and used by the government was 197,726.68, on which was paid $698,822.10. Plaintiff refused to accept further payments tendered under the agreement, and contends that the coal was taken under section 10 of the Lever Act, and that the Underwood agreement was merely an accord without satisfaction, and so not binding on it.

The case was tried to the judge without a jury, who held that the agreement was binding on the plaintiff and settlement should be made in accordance therewith. We have carefully considered the able argument of plaintiff's counsel, but find ourselves in accord with the conclusions of the learned District Judge, and affirm the judgment on his opinion.